PeaRSON, J.
 

 To entitle the plaintiffs to recover, they must show they have the legal estate and a present right to the possession.
 

 It is conceded, that the legal estate vested, upon the death of George Eeeves, in his administratrix Jane Reeves, and the question is, did it pass from her to the plaintiffs, who are the children of said George; or did it pass from her to the defendant, by her deed executed in 1861
 
 %
 

 Unless the legal estate to the slaves in question, which vested in the widow as administratrix was divested, prior to the execution of her deed to the defendant, it is clear that the plaintiffs cannot recover.
 

 When the case was opened upon the argument, it occurred to us that the defendant ought to have the benefit of this point; but from the manner in which the case is made up, it seems to have been taken for granted on both sides, that the widow’s title as administratrix, was divested by what took place in 1838, and that she no longer, after that time, set up
 
 *461
 
 any claim except under the division. So much confusion is thrown over the whole statement, by an indiscriminate intermingling of “ what appeared,” and is set forth as “ conceded;” “ what the counsel respectively insisted upon ” in the progress of the trial, both in reference to positions of law-, and positions assumed in regard to matters of fact; and “ what facts the evidence tended to establish,” that we have been put to a great deal of trouble in arriving at a conclusion, in reference to the point on which the case ought to turn. We feel at liberty to say to gentlemen who are concerned in making up cases for this Court, it is more important that the bill of exceptions (or case sent in place of it) should state in a clear and intelligible manner, what was the decision in the Court below, and the facts necessary to enable us to see the question that was presented in the case, than it is for the judge below to decide the points according to law. A recital of the evidence is in most cases unnecessary, and tends to confuse the statement» If there is a clear statement so as to present the points, our decision is uninfluenced by the decision below; consequently, the final attainment of justice does not so much depend upon the decision of his Honor, as upon a clear statement of the case. We frequently have more difficulty in deciding what a case means and what
 
 construction ought to la put on
 
 it, than in deciding a half-dozen points which are clearly stated.
 

 The case before us, as we take it from
 
 the
 
 statement, is this: George Reeves died in 1810, domiciled in Yirginia, intestate ; his widow was appointed his administratrix; soon afterwards she removed from Yirginia, bringing with her the six children and slaves (nine in number) and other property of her,late husband, and settled in this State. As the children grew up and manned, the administratrix gave to each of them a negro. In 1838, all the parties met at the house of the administratrix, to make some disposition of the slaves. “It appeared, that before this meeting in 1838, the widow, as the children had married or settled in life, delivered over to each child a young negro; in this way she had delivered over six, that is, one to each child, and it was agreed that the widow should have the
 
 *462
 
 negro Nich (he being present), as each child had previously received a negro.”
 

 This preliminary being settled, and the parties being aware that according to the law of Virginia, the widow was entitled to a life estate in'one-third of all the slaves, it was by them understood and agreed, that if she would surrender her claim to a life estate in one-third, the children would all agree, and did then and there agree, to let her have an absolute estate in a child’s part, that is, one-seventh. Accordingly, and
 
 in pursuance of this
 
 agreement, the other slaves were put up and bid for by the widow'and children, for the purpose of fixing the value, and the widow as administratrix, delivered over to the children as distributees of their father, all the slaves except two, Nich, and Nena whom she had bid off at $500, to fix the value ; these two slaves she kept, in accordance with the agreement aforesaid, paying to the children $160, the amount which, according to the value fixed by the bidding, was due for “ equality of partition,” and, under this claim of title, held possession from 1838 up to 1851.
 

 “ Plaintiff insisted, that if such an agreement and understanding had been made, still no title could pass or vest in the widow to Nich, without
 
 writing.
 
 The Court was of a different opinion, and instructed the jury, that if they found from the evidence, such an agreement and understanding, as insisted upon by the defendant, had taken place, and division in pursuance thereof, that the title thereto would vest in the widow without any writing and without any change of possession, (she having the slave in possession at the time of the division).”
 

 The question, upon which the Court below decided the case, and to which the plaintiffs except, is this; the widow and ad-ministratrix of one who was domiciled in Virginia, (where thewidow is entitled to a
 
 life
 
 estate in
 
 one-third
 
 of the slaves) makes a parol agreement with the distributees, by which she surrenders her life estate in one-third of the slaves, in consid-ation of their releasing their reversionary interest in a seventh of the slaves, so as to give her an absolute estate in such seventh part. This parol agreement is executed; the widow,
 
 *463
 
 in her capacity as administratrix, passes the legal estate' to all the slaves, to the-six legatees, except the two in which she is to have an absolute estate, and under this claim of title she holds possession from 1838 to 1851.
 

 The question presented, is, have we a Statute which requires such an agreement, and distribution in pursuance thereof, between an administratrix having a claim to a part as a dis-tributee, and the other distributees, to be in writing?
 

 The Act of 1819 provides for
 
 executory
 
 contracts, or agreements, and evidently has no bearing where the contract is
 
 executed
 
 and the parties do all that the agreement requires, and leave nothing to be done.
 

 The Act of 1806 provides, “ all gifts of slaves shall be in writing” &c.; this has no bearing on the question. The Acts of 1784 and 1792, which are incorporated (the latter being inserted in the form of a proviso) by the Act of 1836, Rev. Stat. ch. 37, sec. 19, provide, that all
 
 “sales of simes'
 
 shall be in writing, except sales accompanied by an actual delivery.
 

 If tenants in common make partition of slaves, this has never been considered to be an executory agreement, under the Act of 1819, or a gift, under the Act of 1806, or a sale under the Acts of 1784 and 1792, consequently there is no Statute, which requires such partition to be evidenced by writing. Snch has been our understanding of the law in reference to the distribution of slaves by an administrator; it is neither an executory agreement, gift, or sale, within the meaning of the Statutes, and consequently need not be evidenced by any writing. By law, the legal estate is vested in the administrator; by the act of making distribution, he passes the legal title to certain of the slaves, to the distributees respectively; in satisfaction of their claim under the statute of distribution, and in consideration of his so doing, they, each respectively, release and surrender all claim to such of the slaves as are allotted to the others. In the same way as upon partition, each takes in severalty a part of the slaves and relinquishes all right and claim to such of the slaves as fall to the share of the others, so, when the admin-
 
 *464
 
 istratrix is entitled to a share as distributee, if she retains the legal estate in certain of the slaves, in satisfaction of her claim to the rest, or if according to the law of the domicil, being entitled to a life estate in one-third of the whole, by agreement with the other distributees, all of whom are capable of acting, she delivers over to them all the slaves except one-seventh part, in consideration that she is to have such seventh part absolute^, instead of one-third part for life ; in other words, if, having the legal estate as administratrix in the whole, and being entitled to a life estate in one-third as dis-tributee, shé, by express agreement, and without fraud, delivers over to the other distributees, all the slaves, except one-seventh part, in which, by said agreement, she is to have the absolute estate, in our opinion, such a “ transaction,” “ transfer,” “agreement,” or “understanding,” by whatever'name called, does not fa'll within the meaning or purview of either of the Statutes, above referred to; and his Honor did not err in hold: ing that the widow acquired title, although there was no memorial of the matter preserved in writing. The widow had the legal estate in all the slaves, and was entitled to a life estate in four of them as distributee. She delivers over all except
 
 two
 
 and pays $160, in consideration that by such payment and the surrender of her life estate in the other two, she is to have the two in question absolutely. After the enjoyment of the property according to this agreement from 1838 up to her death in 1851, the plaintiffs certainly now come forward with ill grace, to say she had only a life estate in the two which she retained, and the general statutes providing for agreements to sell, and for gifts and sales of slaves, have no bearing upon a case of this peculiar kind.
 

 Mr. Jones,
 
 for the defendant, called our attention to the decisions in which it is held that the Acts of 1784, 1792f and 1806 are to be treated as statutes to prevent frauds, and not as invalidating the operation of parol gifts and sales
 
 inter partes. .
 
 Owing to the omission of the preamble to those statutes in the Revised Statute (Act of 1836,) a grave doubt has been suggested
 
 (State
 
 v.
 
 Fuller,
 
 5 Ired. 137) whether from
 
 *465
 
 the enacting words, those Statutes are not to be treated as intended to prevent
 
 perjury
 
 as well as fraud, and as such, having operation
 
 inter partes.
 
 The question is not now presented, and we do not enter into its consideration.
 

 Per CuriaM. Judgment affirmed.